ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| El PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ALBERT MELÉNDEZ ARROYO<br><br>Peticionario | KLCE202400383 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Vega Baja<br><br>Civil Núm.: D4TR2023-0087<br><br>Sobre: ART. 7.02 LEY 22 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Juez Rivera Pérez y el Juez Campos Pérez

Campos Pérez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de mayo de 2024.

Comparece la parte peticionaria, Sr. Albert Meléndez Arroyo (señor Meléndez Arroyo), mediante un recurso de *certiorari*, y nos solicita que revoquemos la *Resolución* emitida y notificada el 19 de marzo de 2024, por el Tribunal de Primera Instancia, Sala de Vega Baja (TPI). En el referido dictamen, el foro primario determinó que aplicaría la pena especial establecida en el Artículo 7.04 de la Ley Núm. 22 de 7 de enero de 2000, *Ley de Vehículos y Tránsito de Puerto Rico*, según enmendada, 9 LPRA sec. 5204 (Ley 22), y no las penas generales estatuidas en el Código Penal de Puerto Rico de 2012, 33 LPRA sec. 5001 *et seq.*, (Código Penal).

## I.

Por hechos acontecidos el 26 de febrero de 2023, se presentó una denuncia contra el señor Meléndez Arroyo por el delito menos grave de conducir un vehículo de motor bajo los efectos de bebidas embriagantes, según tipificado en el Artículo 7.02 de la Ley 22, 9 LPRA sec. 5202.[1] La denuncia establece lo siguiente:

---

[1] Apéndice de la parte peticionaria, pág. 5.

Número Identificador

RES2024 _____

Albert Meléndez Arroyo, allí y entonces en fecha y hora antes mencionada y en la Carretera #687 Km 43.0, la cual es una vía pública en Vega Baja, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia Sala de Bayamón, Puerto Rico, ilegal a propósito y/o con conocimiento, criminalmente, mientras conducía y/o hacía funcionar el vehículo de motor marca: Toyota, modelo: Tercel, color: verde, año: 1998, tablilla: IIQ-800, por el lugar antes mencionado, bajo los efectos de bebidas embriagantes al momento de la intervención por el Agte. Jonathan López, Placa #33619, por infracciones a la Ley de Tránsito. Se le leyeron las advertencias de ley para estos casos, siendo trasladado a la División de Patrullas Carreteras Manatí, donde se sometió libre y voluntariamente a una prueba de aliento con el instrumento "Intoxilyzer 9000", realizada por el Agte. Jonathan López, Placa #33619, arrojando 0.169% alcohol en su organismo a través de su aliento. El Fiscal alega la reincidencia del Tribunal de Vega Baja, Núm. de casos D4TR2018-0361, con fecha de disposición del 23 de mayo de 2019.

Luego de varios trámites procesales, el señor Meléndez Arroyo hizo alegación de culpabilidad por la infracción al Artículo 7.02 de la Ley 22 en la cual se alegó reincidencia. El TPI aceptó la alegación de culpabilidad con el agravante y refirió el caso del peticionario para el informe presentencia.

El 11 de marzo de 2024, se celebró la vista de lectura del Informe y para dictar sentencia, a la cual compareció el Ministerio Público y el señor Meléndez Arroyo con su representación legal. En la referida audiencia, la defensa del señor Meléndez Arroyo solicitó al TPI la imposición de la sanción penal de restricción domiciliaria, de conformidad con el Artículo 48 (b) del Código Penal, 33 LPRA sec. 5081 (b). Esto, en sustitución a la reclusión compulsoria por reincidencia que establece el Artículo 7.04 (b) de la Ley 22.[2] Por su

---

[2] El inciso (b) del Artículo 7.04 establece:

. . . . . . . .

(2) Por la segunda convicción, con pena de multa de setecientos cincuenta (750) dólares, más cincuenta (50) dólares por cada centésima adicional sobre el límite de concentración de alcohol establecidas por ley, y cárcel por un término de quince (15) a treinta (30) días y pena de restitución, de ser aplicable. Además, se suspenderá la licencia de conducir por un término no menor de un (1) año o se le impondrá una pena combinada que consista, por lo menos, de las siguientes restricciones:
(i) se le suspenderán todos los privilegios concedidos para conducir vehículos de motor y arrastres por los primeros cuarenta y cinco (45) días del período de la suspensión, seguida por la restitución limitada de

parte, el Ministerio Público se opuso y sostuvo que, con arreglo al principio de especialidad, debe prevalecer la pena que dispone la Ley 22.

Ponderadas las posturas, el TPI dictó la *Resolución* aquí impugnada y expresó:[3]

> [L]a pena impuesta que aplicará en su día al acusado será la establecida por el Artículo 7.04 de la Ley 22 y no por el Código Penal. Nótese que el Artículo 7.07 (b) establece que indistintamente de si el acusado hizo alegación de culpabilidad o fue encontrado culpable luego de celebrarse el juicio por los artículos 7.01, 7.02, 7.03, 7.05 y 7.06 de la Ley 22, el Tribunal citará para el acto de imposición de sentencia y dictará la misma de acuerdo a las penalidades dispuestas en los Artículos 7.04, 7.05 y 7.06 de la Ley 22. Por tanto, este Tribunal entiende que la sanción por reincidencia se debe cumplir en cárcel.

Inconforme con dicha determinación, el señor Meléndez Arroyo instó el recurso de *certiorari* el 3 de abril de 2024 y esbozó el siguiente señalamiento de error:

> Incurrió en error, el Honorable Tribunal, a no darle paso al caso, anteriormente citado, que no hay choque entre la Ley 22 y el Código Penal para imponerle la Sentencia a cumplir en el domicilio del imputado.

Ahora bien, en la petición del epígrafe, la representación legal del señor Meléndez Arroyo certificó la notificación del recurso discrecional al TPI y al Fiscal de Distrito de Bayamón. No obstante, **no consta la notificación a la Oficina del Procurador General de Puerto Rico**. A esos efectos, el Pueblo de Puerto Rico, por conducto del Procurador General, presentó una *Solicitud de Desestimación* el 8 de mayo de 2024.

---

dichos privilegios para propósitos de ir y regresar de su lugar de empleo, de estudio o programa contra la adicción al alcohol, siempre y cuando un dispositivo interconector de ignición sea instalado en cada uno de los vehículos de motor propiedad del convicto y/o que sean operados por éste;
(ii) estará sujeto a una evaluación para determinar el grado de abuso de alcohol que padece y se le ordenará recibir tratamiento para ello, según su caso;
(iii) deberá, como parte de la sentencia, prestar servicios comunitarios por un periodo no menor de treinta (30) días en el caso de una segunda convicción y en el caso de una tercera o subsiguiente convicción, deberá prestar servicios comunitarios por un periodo no menor de sesenta (60) días.
[3] Apéndice de la parte peticionaria, págs. 6-8.

Así las cosas, el 13 de mayo de 2024, concedimos al peticionario un breve término de tres días para que mostrara causa por la cual no debamos desestimar el recurso del título. Transcurrido el plazo, el peticionario no compareció. Resolvemos.

**II.**

**A.**

El Tribunal Supremo de Puerto Rico ha definido *jurisdicción* como el poder o autoridad que ostentan los tribunales para considerar y decidir los casos y las controversias ante su atención. *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020), que cita a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019). Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, ya que no tenemos discreción para asumirla si no la hay. Por ello, las cuestiones relativas a la jurisdicción son privilegiadas y, como tal, deben atenderse y resolverse con preferencia y prontitud. La falta de jurisdicción no es susceptible de ser subsanada. Más aún, ante un cuestionamiento de falta de jurisdicción, estamos compelidos a auscultarla, toda vez que el planteamiento jurisdiccional incide directamente sobre el poder para adjudicar una controversia. Una sentencia dictada sin jurisdicción es nula en Derecho y, por lo tanto, inexistente. En consecuencia, **una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo de conformidad con lo ordenado por las leyes y los reglamentos para el perfeccionamiento de los recursos**. *S.L.G Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882-883 (2007); *Torres Alvarado v. Madera Atiles*, *supra*, págs. 499-500; además, *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005). En armonía, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B,

R. 83, faculta a este foro intermedio para, a iniciativa propia o a petición de parte, desestimar un recurso de apelación cuando carecemos de jurisdicción.

**B.**

Como se sabe, las partes promoventes deben observar rigurosamente las normas que rigen el perfeccionamiento de los recursos apelativos. *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). **El incumplimiento de las reglas de los tribunales apelativos impide la revisión judicial**. S*oto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). "Los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, y no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias se deben acatar y cuándo". *Hernández Maldonado v. Taco Maker*, *supra*, que cita a *Arriaga v. F.S.E.*, 145 DPR 122 (1998); *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000). Así, pues, **cuando nos aseguramos que el incumplimiento del ordenamiento reglamentario ha provocado un impedimento real para considerar la controversia en los méritos, la inobservancia de las reglas puede conllevar la sanción más severa; esto es, la desestimación**. *Román et als. v. Román et als.*, 158 DPR 163, 167-168 (2002).

Por otra parte, con relación a los requisitos necesarios para el perfeccionamiento de un recurso de *certiorari* en casos criminales, la Regla 194 de Procedimiento Criminal, 34 LPRA Ap. II, R. 194, dispone las directrices a seguir. En lo atinente a nuestra controversia, dispone:

> El apelante o **peticionario deberá notificar** al fiscal **y al Procurador General la presentación del escrito** de apelación o **de *certiorari*** dentro del término para presentar tales recursos. (Énfasis nuestro).

Según surge palmariamente de la precitada norma, la reglamentación no otorga discreción alguna al peticionario a la hora de notificar el recurso de *certiorari* a la Oficina del Procurador General de Puerto Rico. Esta notificación es de vital importancia, toda vez que el Procurador General funge como el representante del Estado ante los foros apelativos.[4]

Cónsono con lo anterior, la Regla 33 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33 (B), reitera la obligación de la parte peticionaria a notificar su recurso al Procurador General en los casos criminales:

> La parte **peticionaria notificará** la solicitud de *certiorari*, debidamente sellada con la fecha y la hora de presentación, a los abogados(as) de récord, o en su defecto, a las partes, **así como al Procurador(a) General** y al (la) Fiscal de Distrito en los casos criminales, **dentro del término dispuesto para la presentación del recurso**. Este término será de **cumplimiento estricto**. (Énfasis nuestro).

Según surge de la norma, en lo relativo a la debida notificación al Procurador General, su incumplimiento no resulta en una desestimación automática, pues, el término concedido para ello es de cumplimiento estricto y no jurisdiccional. *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 550 (2017). En cuanto a los términos de cumplimiento estricto, nuestro Tribunal Supremo opinó lo siguiente:

> Es norma harta conocida en nuestro ordenamiento que **un término de cumplimiento estricto puede ser prorrogado por los tribunales**. Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. (Énfasis nuestro). *Soto Pino v. Uno Radio Group, supra*, pág. 92.

Ahora bien, un plazo de cumplimiento escrito es prorrogable, siempre y cuando concurran dos condiciones: "(1) que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la

---

[4] Refiérase al Artículo 60 de la Ley Núm. 205 de 9 de agosto de 2004, *Ley Orgánica del Departamento del Departamento de Justicia*, 3 LPRA sec. 294 1.

dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida". (Énfasis en el original suprimido). *Soto Pino v. Uno Radio Group, supra,* pág. 93, que cita con aprobación a *Arriaga v. F.S.E., supra,* pág. 132. Por lo tanto, en ausencia de alguna de estas dos condiciones, los tribunales carecemos de discreción para prorrogar los términos de cumplimiento estricto. *Id.* Huelga mencionar que "[l]a acreditación de justa causa se hace con explicaciones concretas y particulares —debidamente evidenciadas en el escrito— que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora". *Febles v. Ro*mar, 159 DPR 714, 720 (2003).

En fin, los requisitos de notificación no constituyen una mera formalidad procesal. Éstos son parte integral del debido proceso de ley y necesarios para que la parte adversa tenga conocimiento del recurso instado en etapa apelativa. *Montañez Leduc v. Robinson Santana, supra,* pág. 551. Cónsono con ello, el alto foro ha resuelto que **la falta de una oportuna notificación a todas las partes priva de jurisdicción a este tribunal para ejercer nuestra facultad revisora y conlleva la desestimación**. *González Pagán et al. v. SLG Moret-Brunet,* 202 DPR 1062, 1071-1072 (2019).

En armonía con lo anterior, la Regla 83 (B) (1) (2) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B) (1) (2), nos autoriza a desestimar cualquier recurso por carecer de jurisdicción o que se haya presentado fuera del término de cumplimiento estricto dispuesto, sin que exista justa causa para ello.

### III.

Como cuestión de umbral, es sabido que un planteamiento que cuestiona nuestra jurisdicción, ante la falta de perfeccionamiento de un recurso, nos obliga a atenderlo con

preeminencia. En el caso ante nos, se desprende claramente de la certificación del *Certirari* instado ante este Tribunal de Apelaciones que el peticionario notificó oportunamente al TPI, así como al Fiscal de Distrito de Bayamón. Sin embargo, el señor Meléndez Arroyo incumplió con su deber de notificar al Procurador General dentro del término de cumplimiento estricto establecido por el ordenamiento jurídico. Además, al requerir las razones de la omisión, el peticionario ni siquiera compareció ni esgrimió una causa justificante para su incumplimiento, cuando fue compelido por esta curia.

Por tanto, al palio de los fundamentos jurídicos discutidos, acerca de las normas que rigen el perfeccionamiento de los recursos discrecionales y lo que constituye justa causa, es forzoso concluir que carecemos de jurisdicción para evaluar el auto solicitado. Según esbozamos, el incumplimiento con las disposiciones sobre notificación puede conllevar la desestimación de un recurso. Si bien nuestro sistema de justicia confiere un derecho estatutario a la impugnación de las resoluciones y sentencias en casos criminales, la revisión no es automática, ya que presupone una notificación, un diligenciamiento y su perfeccionamiento. En la causa de autos, el señor Meléndez Arroyo falló en su obligación de perfeccionar el recurso instado, conforme lo exige el ordenamiento reglamentario. Al así obrar, estamos ante un impedimento real de justipreciar la *Resolución* dictada en su contra. Al no perfeccionar la solicitud de *certiorari* por la falta de notificación al Procurador General en el término concedido para ello ni demostrar fundamento alguno que justifique la inobservancia, estamos privados de jurisdicción para examinar los méritos o deméritos del recurso presentado.

Consecuentemente, procedemos a desestimar la petición de *certiorari,* de conformidad con la Regla 83 (B) (1) del Reglamento

del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B) (1). Por virtud de la aludida norma, una parte puede solicitar en cualquier momento la desestimación de un recurso cuando este Tribunal carece de jurisdicción.

## IV.

Por los fundamentos antes expuestos, se desestima el recurso peticionado por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones